UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ERIC LEVI RICKUS, )
)
    *Plaintiff*, )
)
v. ) No.: 3:11-cv-188
) *Judge Phillips*
)
OFFICER PAM STINNETT, et al., )
)
    *Defendants*. )

**MEMORANDUM**

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court on the defendants' motion to dismiss. Plaintiff has not filed a response to the motion to dismiss and the court deems plaintiff to have waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. For the following reasons, the motion to dismiss [Court File No. 7] will be **GRANTED** and this action will be **DISMISSED WITH PREJUDICE**.

I.    Standard of Review

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff.

*Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Nevertheless, "though a complaint must be construed in the light most favorable to the plaintiff when the defendant files a motion to dismiss, the complaint must still contain 'enough facts to state a claim to relief that is plausible on its face.'" *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

> To survive a motion to dismiss, the complaint must allege grounds entitling plaintiff to relief, which requires "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." The "[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Casden v. Burns*, 306 F. App'x 966, 973 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555) (footnote omitted). The *Twombly* standard applies to all civil actions filed in the U.S. district courts. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009).

II.     Factual Background

Plaintiff is in the custody of the Tennessee Department of Correction. His complaint concerns the alleged violation of his civil rights during his confinement in the Blount County Detention Center. The defendants are Officer Pam Stinnett, Chief Ron Dunn, and Captain Dan Neubert.[1]

---

[1] The Court *sua sponte* dismissed as a defendant "The Administration of Blount County Adult Detention Center" because it is not a suable entity under § 1983.

Plaintiff alleges that during his confinement he was in a maximum custody lock down cell and has been subjected to overcrowding with three people in a two-bed cell. According to plaintiff, with three people in the cell that means one person has to sleep next to the toilet which causes a lot of tension.

III.  Discussion

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

Plaintiff makes no specific factual allegations against defendants Stinnett, Dunn, or Neubert with respect to the overcrowding in his cell nor does he otherwise allege that any of the defendants are responsible for the overcrowded conditions. In the form complaint for filing a civil rights action pursuant to 42 U.S.C. § 1983, which plaintiff used, he was directed as follows: "State here as briefly as possible the FACTS of your case. Describe how EACH defendant is involved." [Court File No. 1, Complaint., p. 3, Section IV., Statement of Claim]. Under the circumstances, plaintiff's general allegations are not sufficient to state a claim upon

3

which relief may be granted against the defendants under the *Twombly* standard and the defendants' motion to dismiss will be granted.

IV.     Conclusion

The defendants' motion to dismiss will be **GRANTED** and this action will be **DISMISSED WITH PREJUDICE**. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

    s/ Thomas W. Phillips
United States District Judge